NOT FOR PUBLICATION



# FILED

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE KOCONTES, | No. 21-55074 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-01968-PSG-PLA |
| v. | |
| ORANGE COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted December 7, 2021**
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and
BENCIVENGO,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Lonnie Kocontes appeals the district court's order dismissing his complaint for failure to state a claim without leave to amend. Kocontes sued Orange County ("OC"), acting through the Orange County Sheriff's Department, and Global Tel*Link ("GTL"), alleging that they violated his constitutional and state law privacy rights while he was incarcerated in Orange County Jail awaiting trial. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Kocontes's operative Second Amended Complaint ("SAC") alleged eight causes of action. His first claim alleged that OC and GTL violated the First, Fifth, Sixth, and Fourteenth Amendments when they recorded his privileged confidential phone calls with his attorneys and shared them with state prosecutors. His second claim alleged that OC violated the First and Sixth Amendments when they opened his privileged legal mail outside his presence and delayed its delivery. The district court did not err in holding that these two claims, to the extent they were seeking damages, were barred by *Heck v. Humphrey* because success on the merits would necessarily impugn his first-degree murder conviction. 512 U.S. 477, 487 (1994). Kocontes's requests for injunctive relief under these claims are moot because he

has been sentenced to life in prison without the possibility of parole, and therefore has no reasonable likelihood of returning to the custody of Orange County.[1]

The district court did not err in dismissing Kocontes's claim that his sex offender custody classification violated his constitutional right to due process. Kocontes did not allege that he was required to engage in any required sex offender treatment, and the other adverse consequences alleged were minimal. He therefore did not state a plausible claim for relief under *Neal v. Shimoda*, 131 F.3d 818, 829–30 (9th Cir. 1997). The district court also did not err in dismissing Kocontes's claim that the jail's disciplinary procedures violated his due process rights. Kocontes alleged only a temporary loss of privileges, which does not constitute a deprivation of a significant liberty interest in the jail environment triggering the procedural due process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539, 572 n. 19 (1974).

The district court did not err in dismissing Kocontes's claim that OC and GTL violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 636(a), 637.2(a), when they recorded his phone calls with his attorneys. Kocontes's allegations, when read in the light most favorable to him, provide only

---

[1] We grant Orange County's motion for judicial notice of the fact that Kocontes is now in the custody of the California Department of Corrections and Rehabilitation (Docket Entry No. 19).

3

a "conceivable" rather than a "plausible" account that the recordings of his privileged conversations with his attorneys were made in violation of CIPA. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009).

Kocontes's additional state law claims against OC—alleging that its recording of his phone calls violated the California Unfair Business Practices Act and constituted common-law torts of fraudulent concealment and negligence—are all barred because OC is a governmental entity. *See Leider v. Lewis*, 2 Cal. 5th 1121, 1132 n. 9 (2017); *see also Miklosy v. Regents of California*, 44 Cal. 4th 876, 899 (2008). Kocontes's state law claims against GTL also fail because his SAC does not allege any plausible factual or legal basis to show that GTL committed an unfair business practice or had a duty to disclose the recordings to him.

The district court did not err in dismissing Kocontes's SAC without leave to amend. Kocontes filed his first and second amended complaints while represented by counsel. Our de novo review uncovered no basis on which to find that further amendment would not be futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that the district court's discretion to dismiss a complaint without leave to amend is particularly broad where a plaintiff has previously been permitted leave to amend). Finally, the

district court did not abuse its discretion in not staying Kocontes's case sua sponte while he pursued a direct criminal appeal.

**AFFIRMED**.